IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
DOCKET NO. 5:23-CR-00104-D1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>RONYELL GASKIN )<br>) | AGREEMENT<br>TO REVOKE SUPERVISED RELEASE<br>WITHOUT A HEARING<br>AND<br>REVOCATION JUDGMENT |

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant, Ronyell Gaskin, for good cause shown and based on agreement of the parties as set forth herein:

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive the right to a revocation hearing by knowingly and voluntarily admitting the violations outlined in a motion for revocation. See Fed. R. Crim. P. 32.1(b)(2), (c)(2); United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant. See Farrell, 393 F.3d at 500; United States v. Stehl, 665 F.2d 58, 58-60 (4th Cir. 1981); see also Fed. R Crim. P. 32.1(c)(1)-(2).

## ADMISSION OF VIOLATIONS

The defendant knowingly and voluntarily admits to the violations in the Amended Motion for Revocation filed October 27, 2025. The Government can prove by a preponderance of the evidence the violation has occurred. The defendant further stipulates the evidence in this matter is both sufficient and likely to result in a finding that the conditions of supervised release have been violated. Specifically, the defendant has committed the following violations of supervised release:

1. <u>Using a controlled substance</u>                         Grade C Violation

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges reviewing with counsel 1) the notice of the alleged violations of supervised release and 2) the evidence related to each.

The defendant further acknowledges being aware of the following rights and is knowingly waiving them:

1. The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2. The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

The defendant acknowledges the Court may revoke, modify, or impose additional conditions of supervised release in addition to those which were imposed in the original sentencing order.

GASKIN, Ronyell
Docket no. 5:23-CR-00104-D1
Page 2

## STIPULATIONS AND RECOMMENDATIONS

Pursuant to U.S.S.G. Chapter 7 Policy Statements, the parties stipulate the defendant's violations are a maximum Grade C with a criminal history category IV. According to U.S.S.G. § 7B1.4, a Grade C violation and a criminal history category IV produces an imprisonment range of 6 to 12 months. The court has the statutory authority to impose an active sentence of up to 24 months, if deemed appropriate.

Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, the parties agree and recommend that the defendant **revoked and sentenced to an imprisonment term of 6 months of imprisonment**, with no supervision to follow. If the Court rejects this sentence, each party has the right to withdraw from this Agreement and have an evidentiary hearing on the revocation of supervised release.

_____
Ronyell Gaskin, Defendant

11-19-25
Date

_____
Susanna E. Henry, Attorney for the Defendant

11/21/25
Date

_____
Jennifer C. Nucci, Assistant U.S. Attorney

11/22/2025
Date

RECOMMENDED BY U.S. PROBATION:

_____
John V. Chiaramonte, U.S. Probation Officer

11/24/25
Date

_____
Mindy L. Threlkeld, Supervisory U.S.
Probation Officer

11/24/2025
Date

**IT IS, THEREFORE, ORDERED AND ADJUDGED** the supervised release term heretofore granted be revoked, and the defendant is order committed to the custody of the Bureau of Prisons or its authorized representative for an imprisonment term of 6 months with no supervision to follow.

**IT IS FURTHER ORDERED** that the Clerk provide the U.S. Marshal a copy of this Order and same shall serve as the commitment herein

SO ORDERED. This the __1__ day of __December__, 2025.

_____
James C. Dever, III
U.S. District Judge